IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:12cv1329 |
| MARCOS TULIO SANCHEZ ARGUETA AND JOSE M. SORTO, INDIVIDUALLY AND D/B/A EL TAMARINDO RESTAURANT, | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, District Judge.

Before the court is a motion by the Defendant, Marcos Tulio Sanchez Argueta ("Sanchez Argueta") to set aside a default judgment entered against him pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Doc. 15.) For the reasons set forth in the opinion below, the court will grant the relief Sanchez Argueta seeks and set aside the entry of the default judgment.

**I. BACKGROUND**

Plaintiff J & J Sports Productions, Inc. (J & J), filed its complaint against Sanchez Argueta and Jose M. Sorto Rivera ("Sorto") on December 13, 2012. (Doc. 1.) The complaint alleged that Sanchez Argueta and Sorto, doing business as El Tamarindo Restaurant ("the Restaurant"), located at 2609 High

Point Rd. in Greensboro, North Carolina (id. ¶¶ 6-7), willfully intercepted, published, and exhibited "Tactical Warfare": Manny Pacquiao v. Antonio Margarito, WBO Light Middleweight Championship Fight Program ("the Program") (id. ¶¶ 9, 12). J & J alleges that this conduct violated 47 U.S.C. §§ 530 & 605. (Id. ¶¶ 14, 19.)

After Sanchez Argueta failed to respond to the complaint, J & J moved for an entry of default against him pursuant to Rule 55(a), and the Clerk of Court in this district entered default on March 11, 2013. (Docs. 7, 8.) On June 4, 2013, J & J moved for entry of default judgment pursuant to Rule 55. (Docs. 9, 10.) This court granted J & J's motion and entered default judgment against Sanchez Argueta on July 31, 2013. (Doc 13.)

On August 14, 2013, Sanchez Argueta moved to set aside the default judgment pursuant to Rule 60(b). (Docs. 15, 16.) J & J responded to the motion (Doc. 17), and Sanchez Argueta filed a reply (Doc. 18). The motion is now ready for decision.

**II. ANALYSIS**

"[I]n order to obtain relief from a default judgment under Rule 60(b), a moving party must show that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside. If the moving party makes such a showing, he must then satisfy one or more of the six grounds for relief

2

set forth in Rule 60(b) in order to obtain relief from the judgment." Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987). This standard applies to Rule 60(b) motions for relief from a default judgment. See United States v. Assad, 179 F.R.D. 170, 172 (M.D.N.C. 1998). The Fourth Circuit has taken "an increasingly liberal view of Rule 60(b)" where default judgments are at issue. See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 810-11 (4th Cir. 1988).[1]

Sanchez Argueta argues that he satisfies the three initial elements required by Rule 60(b), especially that he has a meritorious defense to the action and that J & J will not be prejudiced by the relief granted.[2] He then argues that he satisfies at least one of Rule 60(b)'s conditions to obtain relief from a final judgment. These arguments will be addressed in turn.

---

[1] J & J cites Robinson v. Wix Filtration Corp., LLC, 599 F.3d 403, 412 n.12 (4th Cir. 2010), for the proposition that Sanchez Argueta must also show "exceptional circumstances warranted relief from the judgment." That case involved a plaintiff's attorney who neglected to file a response to the opposing party's motion for summary judgment. The plaintiff subsequently sought relief from the district court's grant of summary judgment to the defendant. Id. at 405-06. It did not involve Augusta's more liberal construction of Rule 60(b) when relief is sought from a default judgment. The case cited by the Robinson court similarly did not involve a default judgment. See Dowell v. State Farm Fire & Cas. Auto Ins. Co., 993 F.2d 46 (4th Cir. 1993).

[2] J & J does not argue that Sanchez Argueta's Rule 60(b) motion is untimely, and the motion is in fact timely.

3

### A. Meritorious Defense

Sanchez Argueta's proffered meritorious defense is that he was not the owner of the Restaurant, never received compensation from the Restaurant, and could not have authorized the Program's airing in the Restaurant. Therefore, he argues that he cannot be held liable under the applicable statutes. "A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." Augusta, 843 F.2d at 812. "The underlying concern is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." 10A Wright, et al., Federal Practice & Procedure (3d ed.), § 2697; Augusta, 843 F.2d at 812; Assad, 179 F.R.D. at 172. A defendant need not prove his meritorious defense by a preponderance of the evidence; he need only "make a proffer of evidence which would permit a finding in [his] favor." Assad, 179 F.R.D. at 172. Any doubts should be resolved in favor of the movant for relief. Augusta, 843 F.2d at 812.

In this case, Sanchez Argueta has submitted an affidavit laying out his defenses to J & J's complaint. (Doc. 16 at 11-13.) He claims that he cannot be liable because he had no control over the Restaurant, was never an employee of the Restaurant, never received any compensation from the Restaurant,

4

and is connected to the Restaurant solely by the fact he obtained an ABC permit for it to assist Sorto. (Id. at 11-12 ¶¶ 5-9.) According to the affidavit, Sorto's niece ordered that the Program be shown on the Restaurant's television and Sanchez Argueta had no involvement with the decision. (Id. ¶¶ 10-13.)

If the trier of fact credited Sanchez Argueta's sworn testimony, it could find that he did not violate either 47 U.S.C. § 605 or 47 U.S.C. § 553. Both statutes require affirmative acts by the defendant to intercept licensed communications. See J & J Sports Productions, Inc. v. Lara Sport House Corp., No. 1:10-cv-01369, 2011 WL 4345114, at *4-5 (E.D. Va. Aug. 26, 2011) (discussing the application of Sections 605 and 553 in a nearly identical case involving interception of the cable signal for a sporting event). If Sanchez Argueta's affidavit is true, he cannot be liable for any damages under Sections 605 or 553 because he had no connection with the Restaurant other than the ABC permit and occasional dishwashing without compensation. (Doc. 16 at 12 ¶ 9.) If the evidence is believed, Sanchez Argueta could not have committed the affirmative acts required to be liable under the applicable statutes. Therefore, Sanchez Argueta has met the standard for showing a meritorious defense to the action.

5

**B. Prejudice**

Sanchez Argueta also must show that J & J would not be unfairly prejudiced by having the default judgment set aside. He argues that no special circumstances exist in this case that would prejudice J & J "beyond that suffered by any party which loses a quick victory." (Id. at 6.) J & J argues that this conclusion is not enough to meet Sanchez Argueta's burden to show the lack of prejudice and points out that J & J could be left without a remedy should the default judgment be set aside, since the case against Sorto has been dismissed. However, Sanchez Argueta's seemingly conclusory statement illustrates the difficulty plaintiffs have in demonstrating prejudice: there are no circumstances in this case that would tend to show that J & J would be prejudiced any more than would the normal losing party on a Rule 60(b) motion. See, e.g., Augusta, 843 F.2d at 812 ("As to prejudice, we perceive no disadvantage to Augusta beyond that suffered by any party which loses a quick victory.").

Plaintiff's argument that it cannot obtain relief because Sorto has been dismissed from the case is unavailing for two reasons. First, Sorto's dismissal from the case is without prejudice. (Doc. 13 at 5.) Second, if Sanchez Argueta is not a proper party from whom to obtain recovery, it cannot be prejudice to J & J to prevent it from holding an innocent party liable for the alleged statutory violations. See Compton v.

6

Alton S.S. Co., 608 F.2d 96, 103 (4th Cir. 1979) ("Nor can the plaintiff be said to be prejudiced by the vacation of his judgment for statutory penalty wages, to which he is not legally entitled."). Thus, Sanchez Argueta is correct that J & J would suffer no prejudice beyond that of a typical plaintiff which loses a default judgment.

### C. Rule 60(b) Conditions

Sanchez Argueta next must satisfy one of the six conditions of Rule 60(b). He argues that he is entitled to relief under 60(b)(1), (4), and (6). Because excusable neglect exists under Rule 60(b)(1), Sanchez Argueta's other arguments need not be addressed and the default judgment will be set aside.

In support of his contention that excusable neglect exists in this case, Sanchez Argueta submits that, having received only the equivalent of a second grade education (Doc. 16 at 11 ¶ 4), he relied on his former attorney's advice and did not respond to the complaint because that attorney told him to do nothing and let the court figure out that he was an improper defendant in this case (id. at 12 ¶¶ 15, 17). On account of his lack of education and prior relationship with the attorney, Sanchez Argueta did what his attorney recommended, leading to the current default judgment. (Id. at 12 ¶¶ 19–20.) Because his attorney's error led to his default, he argues, the default should be set aside based on excusable neglect.

7

J & J argues, citing Link v. Wabash Railroad Co., 370 U.S. 626, 634 (1962), that because Sanchez Argueta chose his attorney, he cannot now avoid the consequences of his attorney's bad advice. The Fourth Circuit, however, has not applied this holding to Rule 60(b) motions, and the Supreme Court in Link expressly declined to express a view on that question. Id. at 635-36. On the contrary, the Fourth Circuit has indicated that when the fault for a default judgment lies with an attorney, Rule 60(b) relief is more likely to be granted.

In Augusta, the court discussed the seemingly disparate holdings in Park and United States v. Moradi, 843 F.2d 808 (4th Cir. 1982), and determined that "the results of these two cases are entirely consistent when one considers that in Park the party alone was responsible for its default, whereas in Moradi the attorney alone was responsible for the default." Augusta, 843 F.2d at 811 (in Park, the insurance company defendant received process in its mailroom and simply lost the papers, whereas in Moradi the defendant's answer was rejected by the court for failure to comply with the local rules and his attorney failed to file another answer or appear at a pre-trial conference). See also Point PCS, LLC v. Sea Haven Realty & Constr., 95 F. App'x 24, 27 (4th Cir. 2004).[3] The Augusta court

---

[3] Unpublished decisions of the Fourth Circuit have no precedential value but are valuable for their persuasive reasoning. See Collins v.

8

found that "[the defendant] is largely blameless for the default below, which was due primarily to its attorney's carelessness in his handling of the amended complaint." Augusta, 843 F.2d at 812.

In this case, Sanchez Argueta's limited education and his previous relationship with his former attorney led him to rely on poor advice not to respond to J & J's lawsuit. While Sanchez Argueta may not be entirely blameless for the default judgment and considering all of the circumstances, it was reasonable for him to believe his attorney and follow the recommendation not to answer the complaint. Moreover, the Fourth Circuit has expressed a strong policy in favor of deciding cases on the merits. See, e.g., United States v. Shaffer Equip. Co., 11 F.3d 450, 462–63 (4th Cir. 1993) (in the context of dismissal for breach of duty of candor to the court by an attorney); Panhandle Cleaning & Restoration, Inc. v. Vannest, No. 5:11CV178, 2012 WL 1354572, *2 (N.D. W. Va. Apr. 18, 2012) ("[T]his Court agrees that 'strong public policy favors resolving disputes on the merits and not by default judgment.'" (quoting Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 172 (2d Cir. 2001))).[4] Other

---

Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006) (recognizing that "we ordinarily do not accord precedential value to our unpublished decisions" and that such decisions "are entitled only to the weight they generate by the persuasiveness of their reasoning" (citation omitted)).

[4] In Shaffer, the court listed six factors to be considered before the court exercises its inherent power to dismiss a case without deciding

9

Case 1:12-cv-01329-LPA   Document 19   Filed 11/07/13   Page 9 of 10

courts have observed that "[t]he presumption against default is particularly strong where . . . substantial sums of money are demanded." State Street Bank & Trust Co. v. Inversiones Errazuriz, Limitada, 230 F. Supp. 2d 313, 316 (S.D.N.Y. 2002).

In this case, the default judgment against Sanchez Argueta was for $12,000, exclusive of attorney fees. (Doc. 13 at 4.) This is a significant sum to him. For all these reasons, therefore, the court will grant Sanchez Argueta's motion and set aside the default judgment.

**III. CONCLUSION**

IT IS THEREFORE ORDERED that Sanchez Argueta's motion to set aside the judgment (Doc. 15) is GRANTED and this court's July 31, 2013, default judgment against him is SET ASIDE.

　　　　　　　　　　　　　　　　　　/s/ Thomas D. Schroeder
　　　　　　　　　　　　　　　　　United States District Judge

November 6, 2013

---

it on the merits. Those factors are: "(1) the degree of the wrongdoer's culpability; (2) the extent of the client's blameworthiness if the wrongful conduct is committed by its attorney, recognizing that we seldom dismiss claims against blameless clients; (3) the prejudice to the judicial process and the administration of justice; (4) the prejudice to the victim; (5) the availability of other sanctions to rectify the wrong by punishing culpable persons, compensating harmed persons, and deterring similar conduct in the future; and (6) the public interest." Shaffer, 11 F.3d at 462–63. These factors weigh in favor of granting Sanchez Argueta relief from the default judgment.

10

Case 1:12-cv-01329-LPA   Document 19   Filed 11/07/13   Page 10 of 10